In the Matter of the Application of MARGARET J. KNOTT and Others, Petitioners, for an Order against FIORELLO H. LAGUARDIA, Chairman, and JOSEPH D. MCGOLDRICK and Others, Members, etc., of The Board of Estimate of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 16, 1942.

*Gabriel L. Kaplan* and *Sidney A. Fine*, for the petitioners.

*William C. Chanler, Corporation Counsel* [*Louis M. Weintraub* and *Charlotte Orr* of counsel], for the respondents.

WALTER, J. The question here presented is whether the board of estimate of the city of New York has unqualified power to fix the salaries of assistant clerks of the Municipal Court or whether its power in that regard is subject to the limitation that such salaries shall be not less than $3,000 per annum. The answer depends, not upon any broad principle or policy, nor even upon the construction of any statute of general application, but solely upon the effect to be given to a series of enactments dealing specifically with the Municipal Court alone.

Section 1373 of the Greater New York Charter, as originally enacted and as amended on several occasions to and including chapter 145 of the Laws of 1923, provided that such assistant

clerks should receive a salary of $3,000 per annum and that, except as therein specifically provided, the board of estimate should fix the salaries of such clerks and of other employees of the court. By chapter 506 of the Laws of 1927, which was not an amendment of said section 1373, it was enacted that, notwithstanding the provisions of any statute, the board was thereby authorized to fix the salaries of the justices and clerks of the Municipal Court, and that its action in fixing such salaries from time to time " shall supersede the provisions of any statute fixing such salaries or compensation."

I regard it as clear that the effect of that was to repeal so much of section 1373 as fixed a limit of $3,000.

In 1929 and 1937, however, the Legislature again amended section 1373 of the charter. By those amendments (Laws of 1929, chap. 235; Laws of 1937, chap. 716) the language of the 1923 amendment above referred to was repeated *in hæc verba* and new provisions not pertinent to this case were added. Then, in 1939, the Legislature enacted chapter 661 of the Laws of 1939, sometimes called the Omnibus Bill, by section 73 of which there was added to the Municipal Court Code a new section, section 7-a, which, in language not distinguishable from that appearing in chapter 506 of the Laws of 1927, again gave the board authority to fix the salaries of the justices and clerks and other employees of that court. Another section of the Omnibus Bill (§ 82) expressly declared, however, that the provisions of said section 7-a " shall not operate or be construed to have a different effect from the provisions of law in force at the time when this act takes effect." That the Omnibus Bill was merely a codifying enactment and was not intended to change existing law is declared also in section 81 thereof.

The inquiry at this point thus is: What was the law in force when the salary-fixing power expressed in section 7-a of the Municipal Court Code was so enacted? And that depends upon whether the 1929 and 1937 amendments of section 1373 constitute such re-enactments of the $3,000 limitation as cause them to operate to repeal *pro tanto* the repealer of that limitation which had been effected by chapter 506 of the Laws of 1927.

Petitioners argue that, by reciting in full in the 1929 and 1937 amendments of section 1373 the provision that the salaries of these clerks are not to be less than $3,000, the Legislature re-enacted that provision and by such subsequent re-enactments necessarily superseded the 1927 enactment which, as I have above held, repealed the similar provision appearing in the 1923 amendment of section 1373. Respondents argue, on the other hand, that a mere

repetition of existing language in amending a statute "so as to read as follows:" is not equivalent to a re-enactment which will operate to repeal a separate statute dealing with the subject and repealing the provisions so repeated.

In the circumstances here disclosed it is unnecessary to decide which of those general principles (as to which reference may be made to 59 C. J. 926, 927, 941) is here the more appropriate as a means of ascertaining the legislative intent, for by reason of still another enactment the adoption of either one will lead to the same result.

By chapter 279 of the Laws of 1941, section 7-a of the Municipal Court Code was again amended, and in that amendment there was again repeated the words: "The board of estimate is authorized to fix the salaries or compensation of the justices, clerks, deputy clerks, assistant clerks, stenographers, interpreters, attendants, and other employees of such court for each borough." If, then, petitioners be right in asserting that an amendment which recites prior provisions is equivalent to a re-enactment, so as to operate as a repeal of an intermediate repealer of those prior provisions, then that principle must be applicable to the 1941 amendment just mentioned. In other words, if the 1929 and 1937 amendments of section 1373 repealed the 1927 repealer of the $3,000 limitation, as petitioners contend, then the 1941 amendment in turn repealed the 1929 and 1937 restorations of the limitation. If, on the other hand, the view urged by respondents be taken, then the board of estimate has possessed unqualified power to fix the salaries since 1927 and had it when the Omnibus Bill was enacted and nothing since has taken it away.

I thus far have not adverted to the fact that the laws by which section 1373 was amended in 1929 and 1937 (Laws of 1929, chap. 235; Laws of 1937, chap. 716) were both expressly repealed by the Omnibus Bill (Laws of 1939, chap. 661, § 87) because I have not regarded that as of controlling importance in view of the declarations in sections 81 and 82 of the Omnibus Bill, to which reference has been made above. It nevertheless is a circumstance of some significance tending to sustain the conclusion already reached, for it certainly would be anomalous to hold that provisions expressly repealed are still binding despite later express enactments to the contrary, which, in view of the 1941 enactment, is what petitioners' argument comes down to.

The motion is accordingly denied and the petition dismissed.